IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, and RUSSELL DAVENPORT, trustee | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 3:18-cv-1172 |
| FREEMAN ENVIRONMENTAL SERVICES, INC. | ) ) ) ) | |
| Defendant. | ) | |

**COMPLAINT**

Now come plaintiffs, Central Laborers' Pension Fund, Central Laborers' Welfare Fund, Central Laborers' Annuity Fund, and Russell Davenport, trustee, by and through their attorneys, Jelliffe, Doerge & Phelps, and for their complaint against the defendant, Freeman Environmental Services, Inc., state as follows:

JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), as amended 29 U.S.C. §1145.

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1).

3. Venue is based upon 29 U.S.C. §1132(e)(2) in that defendant's principal office is located at 307 Wastena St., Benton, Franklin County, Illinois.

PARTIES

4. The plaintiffs, Central Laborers' Pension Fund, Central Laborers' Welfare Fund, and Central Laborers' Annuity Fund are employee benefit funds (hereinafter "Funds") administered pursuant to the terms and provisions of the Declarations of Trusts creating said Funds and are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and ERISA (as amended), 29 U.S.C. §§1001 *et seq.* The place of business of plaintiffs is Central Laborers' Pension, Welfare, and Annuity Funds, 201 North Main Street, Jacksonville, Morgan County, Illinois. The Central Laborers' Pension, Welfare, and Annuity Funds are the collection agents for the Funds.

5. Plaintiff, Russell Davenport, is a trustee and a "fiduciary" of the Funds as that term is defined in ERISA and brings this action in his capacity as a trustee and a fiduciary.

6. Defendant, Freeman Environmental Services, Inc, is an Illinois corporation and an "employer" and "party in interest" as those terms are defined by 29 U.S.C. §1002(5) and §1002(14)(c) of ERISA.

BACKGROUND

7. The Funds are funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the Laborers' International Union of North America (hereinafter "LIUNA") on behalf of employees of those same employers.

8. Defendant entered into Collective Bargaining Agreements, Participation Agreements, and Declarations of Trusts with local unions affiliated

with LIUNA pursuant to which defendant agreed to pay contributions on behalf of covered employees to the Funds.

## STATUTORY AUTHORITY

9. ERISA, 29 U.S.C. §1145, provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

10. ERISA, 29 U.S.C. §1132(g)(2), provides that:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of--
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

STATUTORY AND CONTRACTUAL VIOLATIONS

11. Defendant breached the provisions of ERISA, the collective bargaining agreements, the Participation Agreements, and the Declarations of Trusts by failing to pay all of the contributions and liquidated damages which the employee work history reported revealed to be owed to the Funds for the time period of January 1, 2011, through November 30, 2017.

12. Despite demands that defendant perform its statutory and contractual obligations with respect to making contributions and paying liquidated damages, defendant has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 11 above.

13. Defendant owes to the Funds the sum of $81,179.50, for unpaid contributions and liquidated damages as a result of the conduct set forth in paragraph 11 above.

WHEREFORE, plaintiffs request the following relief:

A. For Judgment in favor of plaintiffs and against defendant in the amount of $81,179.50 for contributions and liquidated damages;

B. That plaintiffs be awarded interest on unpaid contributions;

C. That defendant be ordered to pay plaintiffs' reasonable attorney's fees and costs to the action; and

D. For such other legal or equitable relief as the Court deems appropriate.

JELLIFFE, DOERGE & PHELPS

BY: /s/ Letitia Wiggins
Letitia Wiggins, ARDC #6315836

BY: /s/ Kelly R. Phelps
Kelly R. Phelps, ARDC #6230044

Members of said law firm
108 East Walnut Street
Harrisburg, Illinois 62946
Telephone: 618-253-7153

Attorneys for the plaintiffs