IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, ILLINOIS LABORERS' AND CONTRACTOR'S TRAINING TRUST FUND, INDUSTRY ADVANCEMENT FUND, MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING (MRFFC), LABORERS-EMPLOYERS COOPERATION AND EDUCATION TRUST (LECET), LABORERS' LOCAL 773, LABORERS' LOCAL 362, L100/397 PENSION FUND, L100/397 WELFARE FUND, L100/397 ANNUITY FUND, NORTH CENTRAL WELFARE FUND, SOUTHERN ILLINOIS WELFARE FUND, SOUTHERN ILLINOIS ANNUITY FUND, SOUTHWEST ANNUITY FUND, MARKET PRESERVATION, CENTRAL ILLINOIS LEGAL FUND, SOUTHERN & CENTRAL VACATION, LABORERS OF ILLINOIS VACATION FUND, LABORERS' POLITCAL LEAGUE, EGYPTIAN BUILIDERS, and ORGANIZED LABOR TOGETHER, <br><br> Plaintiffs, <br><br> v. <br><br> FREEMAN ENVIRONMENTAL SERVICES, INC., <br><br> Defendant. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Case No. 3:18-cv-1172-NJR-MAB |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      This matter is before the Court on the Motion for Default Judgment filed by

Plaintiffs, all of which are employee benefit funds maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947 and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, *et seq.* (Doc. 1, 18). On May 29, 2018, Plaintiffs filed a Complaint under ERISA alleging Defendant Freeman Environmental Services, Inc., breached the provisions of ERISA, collective bargaining agreements, participation agreements, and declarations of trusts by failing to pay contributions on behalf of employees to the employee benefit funds from January 1, 2011, through March 31, 2018 (Doc. 1, 18). Defendant was served with a copy of the summons and complaint on July 31, 2018 (Doc. 26-6), but did not file an answer or otherwise respond to the complaint.

Plaintiffs filed an Amended Complaint on November 8, 2018, and a Second Amended Complaint on January 18, 2019 (Docs. 12, 18). Defendant again failed to appear, plead, or otherwise respond to Plaintiffs' Second Amended Complaint. Accordingly, the Clerk of Court entered default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on April 19, 2019 (Doc. 24). Plaintiffs have now filed a motion for default judgment under Rule 55(b). A response to the motion has not been filed.

Rule 55(a) requires the clerk to enter default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise. FED. R. CIV. P. 55(a). The clerk's entry of a default "is merely a formal matter and does not constitute entry of a judgment." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (3d ed. 2010). After default has been established, the moving party must then seek entry of a default

judgment. *In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004). Pursuant to this District Court's Local Rules, a motion for default judgment pursuant to Rule 55(b) shall contain a statement that a copy of the motion was mailed to the last known address of the party from whom default judgment is sought. SDIL-LR 55.1. If the moving party knows, or reasonably should know, the identity of an attorney thought to represent the defaulted party, the motion shall also state that a copy was mailed to that attorney. *Id.*

In this case, the Clerk has properly entered default under Rule 55(a). Further, the Court finds that the requirements of Local Rule 55.1 are satisfied. Accordingly, the Court **GRANTS** the Motion for Default Judgment (Doc. 26). The Clerk is **DIRECTED** to enter judgment in favor of Plaintiffs and against Defendant Freeman Environmental Services, Inc., for: $70,782.84 in contributions; $8,101.67 in liquidated damages; $2,295.00 in audit costs; reasonable attorney fees of $2,173.50; and costs of $550.00, including filing fees and costs of service, for a total judgment of **$83,903.01**.

**IT IS SO ORDERED.**

DATED:   May 28, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**